# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

WASEEM DAKER,

    Petitioner,

v.

MARTY ALLEN, Warden,

    Respondent.

CIVIL ACTION NO.: 6:18-cv-19

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Waseem Daker ("Daker"), who is incarcerated at Georgia State Prison in Reidsville, Georgia, filed an action pursuant to 28 U.S.C. § 2254 challenging his confinement in administrative segregation. (Doc. 1.) Daker has an additional habeas corpus petition pending before this Court: Daker v. Allen, Civil Action Number 6:17-cv-23, [hereinafter Daker I].[1] For the reasons and in the manner set forth below, I **RECOMMEND** that the Court **CONSOLIDATE** Daker's Petitions and **CLOSE** this case. Further, the Court **DISMISSES as moot** Daker's Motion for Leave to Proceed *in Forma Pauperis*, (doc. 2), and **DENIES** Daker's Motions to Expedite Proceedings, (docs. 4, 8), and Daker's Motion to Appoint Counsel, (doc. 5).

## BACKGROUND

On October 23, 2017, Daker filed this Petition for a Writ of Habeas Corpus and alleges he was unlawfully placed in Tier II administrative segregation. (Doc. 1.) Daker seeks release from administrative segregation. (See id.) Daker contends his placement and continued

---

[1] Daker also filed a Section 2254 petition in Daker v. Allen, Civil Action Number 6:17-cv-90. I recommended that petition be consolidated with Daker I, and that recommendation, after objections from Daker, has been adopted as the opinion of the Court by Chief Judge J. Randal Hall. Order, Daker v. Allen, 6:17-cv-90 (S.D. Ga. Mar. 30, 2018), ECF No. 11.

detention in Tier II segregation violates the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1 *et seq.*, the First Amendment, substantive due process, and procedural due process. (Id. at pp. 5–8.)

Specifically, Daker argues the disciplinary reports on which his placement in Tier II was based violate RLUIPA and the First Amendment because they concern his refusal to comply with the prison's policy limiting beard length, which he contends violates the law, as it burdens his religious exercise. (Id. at p. 5.) Daker alleges his conviction on Disciplinary Report Number 713724 violates his right to substantive due process because this report is false, and the force he used to combat officers' attempts to shave him was justified, as the officers' actions violate RLUIPA. (Id.) Further, Daker argues he was denied a fair and impartial hearing and an adequate opportunity to be heard when he was found guilty of these disciplinary reports. (Id. at pp. 6–7.) Daker also argues his retention in Tier II segregation on September 22, 2017, violated his right to procedural due process because it was done without notice and an opportunity to be heard and was otherwise premised on unlawful disciplinary reports. (Id. at pp. 7–8.) Additionally, Daker contends his retention in Tier II segregation violates RLUIPA and his right to substantive due process. (Id. at p. 8.)

Prior to this case, Daker filed a habeas corpus action on February 3, 2017. In that earlier petition, Daker set forth legally identical and factually similar claims related to his placement in Tier II administrative segregation. See Daker I (S.D. Ga. Feb. 3, 2017), ECF No. 1 (alleging his placement in administrative segregation violated substantive due process, procedural due process, the First Amendment, and RLUIPA). Like his claims here, Daker complains he was unlawfully found guilty of disciplinary reports concerning his beard, using force against officers, and possession of a cell phone and was committed to segregation without due process. Id. A

2

review of the respondent's answer and Daker's petition in that case reveals Daker's application for habeas release stems from a single, uninterrupted stay in Tier II segregation that is continuous through the filing of his Petition presently before the Court. Id. at pp. 5–9; ECF No. 30-1, pp. 57–58.

## DISCUSSION

### I. Consolidation of Daker's Habeas Cases

A district court has authority to consolidate multiple actions if they "involve a common question of law or fact." Fed. R. Civ. P. 42(a). Consolidation under Rule 42(a) "is permissive and vests a purely discretionary power in the district court." Young v. City of Augusta, 59 F.3d 1160, 1168 (11th Cir. 1995) (internal quotes omitted). "District courts in this circuit have been urged to make good use of Rule 42(a) . . . in order to expedite the trial and eliminate unnecessary repetition and confusion." Young, 59 F.3d at 1169 (internal quotes omitted). The decision of whether to consolidate "is entirely within the discretion of the district court as it seeks to promote the administration of justice." Gentry v. Smith, 487 F.2d 571, 581 (5th Cir. 1973);[2] see also Devlin v. Transp. Communs. Int'l Union, 175 F.3d 121, 130 (2d Cir. 1999) (courts can *sua sponte* consolidate cases under Rule 42(a)).

In exercising that discretion, district courts must weigh the risk of prejudice and confusion wrought by consolidation against the risk of inconsistent rulings on common factual and legal questions; the burden on the parties and the court posed by multiple lawsuits as opposed to one; the length of time required to conclude multiple lawsuits as opposed to one; and the relative expense of proceeding with separate lawsuits if they are not consolidated. Hendrix v. Raybestos-Manhattan, Inc., 776 F.2d 1492, 1495 (11th Cir. 1985).

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

3

Daker's habeas proceedings involve similar facts and the same Respondent, and Daker pleads identical legal claims. At the core of his claims, Daker seeks his release from administrative segregation for the same reasons—allegedly unlawful disciplinary reports and segregated confinement.[3] Moreover, Daker seeks release from the same, uninterrupted stay in Tier II administrative segregation. Given this congruence, and in light of Daker's well-documented litigiousness, the benefits of consolidation far outweigh any prejudice to the parties.

Accordingly, the Court should **CONSOLIDATE** Daker's habeas petitions and **DIRECT** the Clerk of Court to file all pleadings docketed in Case Number 6:18-cv-19 upon the docket and record of Daker I, Case Number 6:17-cv-23; **CONSOLIDATE** Case Number 6:18-cv-19 with Daker I; and **CLOSE** Case Number 6:18-cv-19. For this reason, the Court **DISMISSES as moot** Daker's Motion for Leave to Proceed *in Forma Pauperis* in this case, (doc. 2).

## II. Motions to Expedite Proceedings (Docs. 4, 8)

Given the routine passage of time since Daker filed his habeas corpus action, his Motions to Expedite Proceedings are not appropriately before the Court because there has been no unreasonable delay. Cf. Johnson v. Rogers, 917 F.2d 1283, 1284 (10th Cir. 1990) (finding a fourteen-month delay in ruling on a habeas petition impermissible where no explanation other than docket congestion was provided). The Court will address the relative merits of Daker's Petition in the ordinary course of business in Daker I, should this Report and Recommendation be adopted as the opinion of the Court. Daker has not presented sufficient allegations to warrant giving his case priority over the other cases on the Court's docket. Particularly given Daker's extensive history of litigation in this and other courts, the Court discerns no reason to prioritize his case over other litigants' cases. Daker's second Motion to Expedite, simultaneously filed in

---

[3] Though Daker does not explicitly request his release from administrative segregation through the instant Petition, such a request is implicit in his filings.

4

four of Daker's habeas cases, both underscores the vexatious nature of his motions and undermines his efforts to have the Court expedite ruling in his causes of action by saddling the Court with superfluous pleadings to address. In addition, Daker filed his first Motion on the same date as he filed his Section 2254 Petition. As such, the Court **DENIES** Daker's Motions to Expedite Proceedings, (doc. 4, 8).

### III.     Motion to Appoint Counsel (Doc. 5)

Section 3006A(a)(2) of Title 18 of the United States Code provides that "[w]henever . . . the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . (B) is seeking relief under section 2241, 2254, or 2255 of title 28." Thus, the court may appoint counsel for an indigent federal habeas corpus petitioner only if the interests of justice or due process so require. Schultz v. Wainwright, 701 F.2d 900 (11th Cir. 1983); Hooks v. Wainwright, 775 F.2d 1433 (11th Cir. 1985).

It does not appear that the interests of justice or due process require that Daker be afforded counsel, and it does not appear that an evidentiary hearing will be required. Daker does not lay out any such circumstances in either his Petition or this Motion. Moreover, the Court notes that Daker is a notoriously frequent litigator before this Court and other courts in federal jurisdictions. See Daker v. Comm'r, Ga. Dep't of Corr., 820 F.3d 1278, 1281 (11th Cir. 2016) ("Daker has submitted over a thousand *pro se* filings in over a hundred actions and appeals in at least nine different federal courts."). Daker is all too familiar with the federal judicial system and is proficient in presenting his position to the courts. Should it later become apparent in these proceedings that an evidentiary hearing is required or that the interests of justice or due process so require, then counsel shall be appointed for Daker. Accordingly, the Court **DENIES** Daker's Motion to Appoint Counsel, (doc. 5).

**CONCLUSION**

For the reasons and in the manner stated above, I **RECOMMEND** that the Court **CONSOLIDATE** Daker's pleadings in this case with Daker I and **CLOSE** this cause of action. Further, the Court **DISMISSES as moot** Daker's Motion for Leave to Proceed *in Forma Pauperis*, (doc. 2), and **DENIES** Daker's Motions to Expedite Proceedings, (docs. 4, 8), and Daker's Motion to Appoint Counsel, (doc. 5).

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Daker.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 3rd day of April, 2018.

_____
R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA